EL PUEBLO, DEMANDANTE Y APELADO, *v.* PIETRI, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por delito de alteración de la paz pública, infracción al artículo 358 del Código Penal.

No. 784.—Resuelto en julio 6, 1915.

ALEGATO DEL APELANTE—MALA PRÁCTICA—ERRORES FUNDAMENTALES.—Es una mala práctica que los apelantes no presenten sus alegatos escritos como ordena la regla 42 de la Corte Suprema y cuando esto sucede sólo se examinarán los errores que sean fundamentales.

ESTORBO PÚBLICO (''NUISANCE'')—SUSTANCIAS PESTILENTES—CORTES DE EQUIDAD.—Las cortes de equidad han prohibido la producción de sustancias pestilentes por ser constitutivas de estorbo público (*nuisance*).

CONDUCTA GROSERA E INDECOROSA—ACCIÓN IMPOLÍTICA—REGLAS EN LA SOCIEDAD.—Conducta grosera e indecorosa es cualquiera acción impolítica, contraria a las reglas usuales observadas en la sociedad, cometida por una persona contra otra.

ALTERACIÓN DE LA PAZ PÚBLICA—CONDUCTA GROSERA E INDECOROSA—SUSTANCIAS PESTILENTES—DERECHO DE REUNIÓN LÍCITA.—Constituye conducta grosera e indecorosa el acto de producir olores pestilentes ante otra persona o personas, porque es un acto contrario a las reglas usuales en la sociedad, y cuando, como en este caso, tal acto tiene lugar voluntaria y maliciosamente en una reunión de personas congregadas lícitamente y es causa de que se disgreguen, entonces constituye la infracción del artículo 358 del Código Penal, cuyo objeto es proteger el derecho de reunión lícita castigando a quien lo perturbare o molestare por alguno de los medios que en él se relacionan.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Fernando B. Fornaris* y *Manuel Tous Soto.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la Corte Municipal de Ponce se presentó la siguiente denuncia:

''Corte Municipal de Ponce, P. R.    Estados Unidos de América. El Presidente de los EE. UU.    *El Pueblo de Puerto Rico* v. *Héctor Pietri.*    Yo, Juan Cruz Piris, vecino de Ponce, P. R., formulo denuncia contra Héctor Pietri por delito de alteración de la paz pública

cometido de la manera siguiente:   Que en abril 29, 1914, hora 9.20
p. m., y en la Plaza de las Delicias del Distrito Judicial Municipal
de Ponce, P. R., este individuo, Héctor Pietri, voluntaria y malicio-
samente con una conducta ofensiva, durante la celebración de un *meet-*
*ing* obrero que se llevaba a efecto en la referida plaza en la citada
noche, arrojó entre la multitud de gente allí reunida un pote conte-
niendo una materia mal oliénte, lo que produjo la disgregación de
los allí reunidos teniendo el orador que estaba en la tribuna que callar
su discurso.   Como este hecho es contrario a la ley para tal caso pre-
vista lo denuncio ante esa Hon. Corte a los fines oportunos.   Juan
Cruz Piris, denunciante.   Siendo testigos: María Aponte, Juan Moler,
Juan Ríos, Carlos Mercado, Luis Monserrate y José C. Castillo, Cabo
P. I.   Jurada ante mí hoy 21 de mayo de 1914.   Pedro Iglesias Gon-
zález, secretario de la Corte Municipal de Ponce, P. R.''

Al conocer de ella en grado de apelación el Tribunal de
Distrito de Ponce dictó sentencia declarando al acusado cul-
pable del delito comprendido en el artículo 358 del Código
Penal y lo condenó a la pena de doscientos dóllares de multa
y en defecto de pago a sufrir un día de cárcel por cada dollar
que dejara de satisfacer, no excediendo de noventa días, y
al pago de las costas.

Interpuesto por el sentenciado el presente recurso de ape-
lación se recibió la transcripción de los autos en la que figura
un pliego de exposición del caso y de excepciones, pero no
presentó alegato escrito aun cuando su abogado asistió a
la vista que se celebró en este tribunal.

. Es una mala práctica que los apelantes no presenten sus
alegatos escritos como ordena la regla 42 de las de este Tri-
bunal Supremo y cuando esto sucede sólo examinaremos los
errores que sean fundamentales.   *El Pueblo* v. *Colón,* 17
D. P. R., 1011;   *El Pueblo* v. *Carrillo* y *El Pueblo* v. *Calde-*
*rón,* 19 D. P. R., 366 y 934 respectivamente y *El Pueblo* v.
*Laureano,* 20 D. P. R., 7.

De acuerdo con la doctrina contenida en estos casos, espe-
cialmente en el último en el que dijimos que cuando no se
presente alegato escrito por el apelante sólo examinaremos
como errores fundamentales los de falta de jurisdicción y

los de que la acusación no imputa un delito público, nos concretaremos a este último en el presente caso ya que respecto del otro nada alegó oralmente el abogado y realmente la corte inferior tenía jurisdicción.

En la vista de la apelación sostuvo ·el abogado del apelante que el hecho imputado en la denuncia no es constitutivo del delito comprendido en el artículo 358 del Código Penal por cuya infracción se le castiga, porque el medio pór el cual se alega se produjo la disgregación de la reunión no es ninguno de los comprendidos en sus diversos apartados.   Dicho artículo dice así:

"Todo el que voluntariamente perturbare o molestare cualquiera congregación de personas reunidas para dedicarse al culto religioso, u otro objeto lícito, con ruidos, palabras profanas, conducta grosera o indecorosa, innecesario alboroto, bien dentro del local en que se celebra el acto, o tan cerca que perturbe el orden y solemnidad de la reunión; o que sin autoridad perturbare o dispersare cualquiera asamblea o reunión de carácter legítimo, incurrirá en *misdemeanor*.

No hemos encontrado en la jurisprudencia americana un caso en el que se considere un hecho siquiera semejante al imputado al apelante por lo que tendremos que atenernos únicamente al estudio de las palabras de la ley y del espíritu que informa el precepto en cuestión.   Sin embargo, las cortes de equidad han prohibido la producción de sustancias pestilentes por ser constitutivas de estorbo público (*nuisance*).

Entendemos que la denuncia está comprendida en el apartado que se refiere a conducta grosera e indecorosa.

Conducta grosera o indecorosa es cualquiera acción impolítica, contraria a las reglas usuales observadas en la sociedad, cometida por una persona contra otra.   2 Bouvier's Law Dictionary, 938..

El acto imputado al apelante se comprende propiamente dentro de la significación de esas palabras de la ley porque el producir olores pestilentes ante otra persona o personas es un acto contrario a las reglas usuales en la sociedad; y cuando, como en este caso, tal acto tiene lugar voluntaria

y maliciosamente en una reunión de personas congregadas lícitamente y es causa de que se disgreguen, entonces constituye la infracción del artículo 358 citado cuyo objeto es proteger el derecho de reunión lícita castigando a quien lo perturbare o molestare por alguno de los medios que en él se relacionan.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.